UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| FIVE STAR CREDIT UNION, | * |
| Appellant, | * CASE NO. 1:06-cv19 |
| Vs. | * |
| TOMMY LEE HENRY, JR. and LETITA J. HENRY, | * |
| Appellee. | * |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | * |
| TOMMY LEE HENRY, JR. and LETITA J. HENRY, | * CH. 13 CASE #: 04-11427 |

**BRIEF OF APPELLANT
FIVE STAR CREDIT UNION**

RESPECTFULLY SUBMITTED THIS 24th DAY OF JANUARY, 2006.

## TABLE OF CONTENTS

I.   TABLE OF CONTENTS ...................................................................I

II.  STATEMENT OF APPELLANT JURISDICTION .................................1

III. ISSUES PRESENTED ....................................................................2

VI.  STATEMENT OF THE CAUSE .......................................................3

V.   STATEMENT OF THE FACTS ........................................................4

VI.  ARGUMENT ..............................................................................5

VII. CONCLUSION ...........................................................................7

## TABLE OF STATUTES

I.   Bankruptcy Rule 8001(a)

II.  28 USC § 158(a)(1)

III. 11 USC § 502(b)

IV.  11 USC § 502(f)

V.   11 USC § 101(5)

I.

**Statement of Appellant Jurisdiction**

Jurisdiction lies in the Federal District Court pursuant to Bankruptcy Rule 8001(a), and 28 U.S.C. § 158(a)(1).

## II.

### Issues Presented

(a)     Is the Order granting the debtor's Objection to Claim Number 5 of the Appellant res judicata and a final Order for purposes of appeal in light of 11 USC § 502(f)?
**Answer:**     No.

(b)     Was there sufficient evidence introduced before the Honorable William R. Sawyer, United States Bankruptcy Judge, to support the Order sustaining the Debtor's Objection to Claim Number 5 of Five Star Credit Union as unsecured?
**Answer:**     No.

(c) If the Order was res judicata and a final appealable order, did the Honorable William R. Sawyer, United States Bankruptcy Court Judge, follow the requirements pursuant to 11 USC § 502(b) in order to disallow or reclassify the claim of the Appellant, and, did the Honorable Court, in its Order, determine the amount of such a claim as of the date of the filing the petition to allow such claim as required under 11 USC § 502(b).
**Answer:**     No. There was no evidence introduced in support of the debtor's objection to Claim Number 4, and the Court did not make a specific finding as provided pursuant to 11 USC § 502(b).

## III.
## STATEMENT OF THE CASE

The debtors, Tommy Lee Henry, Jr. and Letita J. Henry, filed a Chapter 13 proceeding in the United States Bankruptcy Court, Middle District of Alabama, on the 2nd day of July, 2004. Five Star Credit Union was listed as a secured creditor in the debtor's schedules, and received notice of the Bankruptcy filing. A copy of the claims register is attached to this Brief as Exhibit "A". Five Star Credit Union then filed Claim Number four (4) in the amount of $39,434.03 on August 23, 2004. A copy of Claim 4 is attached to this Brief as Exhibit "B". Five Star Credit Union also filed Claim Number Five (5) on August 23, 2004 in the amount of $5,803.10. A copy of Claim Number 5 is attached to this Brief as Exhibit "C". Five Star Credit Union also filed Claim Number Six (6) on August 23, 2004 in the amount of $38,644.60. A copy of Claim Number 6 is attached to this Brief as Exhibit "D". On September 27, 2005, the debtor's filed an Objection to Claim Number 5, of Five Star Credit Union, (Docket Number 40). Contemporaneously, the debtors filed a Motion to Amend the Confirmed Chapter 13 Plan, (Docket Entry #41). Thereafter, on October 28, 2005, the Court entered an Order Sustaining the Objection to Claim Number 5 pursuant to Local Bankruptcy Rule 3007-1, due to the failure of the Creditor to file a response to the Objection to Claim. On November 1, 2005, a response to the Objection to Claim was filed by the Creditor, Five Star Credit Union, (Docket Entry #48). Contemporaneously, Five Star Credit Union filed a Motion to Alter, Amend or Vacate the Order Sustaining the Objection to Claim Number 5 pursuant to Local Rule, (Docket Entry #49). On November 2, 2005, a Notice of Hearing was entered by the Honorable Court setting for hearing the Objection to Claim, Order on Objection to Claim, Response to Objection to Claim, and the Motion to Alter, Amend or Vacate for November 30, 2005 at 10:00 a.m. in Dothan, Alabama at the Federal Courthouse, (Docket Entry #50). On November 29, 2005, a Motion to Continue and Re-Schedule the Hearing was filed by Five Star Credit Union, (Docket Entry #55), due to a conflict in the Circuit Court of Baldwin County, Alabama. On December 8, 2005, the Honorable William R. Sawyer, United States Bankruptcy Court Judge, entered an Order Denying the Motion to Alter, Amend or Vacate, (Docket Entry #56), an Order Sustaining the Objection to Claim, (Docket Entry #57), and an Order Denying the Motion to Continue and Re-Schedule Hearing, (Docket Entry #58). Thereafter, on December 16, 2005, a Notice of Appeal of Said Order's was filed by the Appellant, Five Star Credit Union, (Docket Entry #59). On January 9, 2006, Notice of Transmittal of the Record on Appeal to the U.S. District Court was filed, (Docket Entry #69).

## IV.
## STATEMENT OF THE FACTS

The Appellant, Five Star Credit Union, respectfully states to the court that the main facts of importance in this matter concern the wording of the Objection to Claim filed by the debtors and the effect of the Court's ruling upon said Objection to Claim. Specifically, the debtors filed an Objection to Claim Number 5 of Five Star Credit Union which, according to the Official Claims Register, was a secured claim in the amount of $5,803.10, (see Exhibit "C"). The wording of the debtors Objection to Claim, although it referred to Claim Number 5, apparently was intended to be an Objection to Claim Number 4 of Five Star Credit Union, see debtor's Motion to Amend Plan. Said Motion to Amend Plan requests to correct the value of Claim Number 4 of Five Star Credit Union to $6,752.10. The debtor's original confirmed plan lists the value of said collateral to be paid to Five Star Credit Union through the Chapter 13 Plan as $45,165.00, with a debt amount of $6,752.10, (see Docket Entry #13, dated July 9, 2004). The debtor's proposed Amended Chapter 13 Plan, (Docket Entry #41, dated September 27, 2005), lists the value of said collateral at $6,752.10. The Motion to Amend Plan indicates that the debtors are attempting to correct the value of Claim Number 4 of Five Star Credit Union, (which was listed $39,434.03), to $6,752.10. Therefore, it appears that the debtors original Objection to Claim Number 5, should have been an Objection to Claim Number 4 of Five Star Credit Union. Five Star Credit Union's response to the Objection to Claim (Docket Entry #38 dated November 1, 2005), indicated that the debtor's were attempting to lien strip or modify the claim. The creditor, Five Star Credit Union, was under the impression that the Objection to Claim Number 5 was intended to be an Objection to Claim Number 4.

The Honorable Court entered the Order denying the Motion to Continue and Re-Schedule the Hearing, Sustaining the Objection to Claim, and Denying the Motion to Alter, Amend or Vacate. No evidence was introduced into the record to support the debtor's objection to Claim Number 5 of Five Star Credit Union as an unsecured claim.

V.

## ARGUMENT

It appears based upon 11 USC § 502(f) that an Order sustaining an Objection to a Claim is not a final order for purposes of appeal, and may be re-litigated at any time in the future based upon the equities of the case. This appears to be specifically so when there was actually no evidence taken by the court and the Objection to Claim was sustained based upon a local rule requiring a "negative notice". Based upon a strict interpretation of 11 USC § 502(f) the equities in this case would be one of the prime reasons that Congress passed 11 USC § 502(f). The legislative intent was to allow actual evidence to be presented if a claim was objected to and said objection sustained without the taking of any evidence. Quite simply, it appears that the Order Sustaining the Objection to Claim will not be res judicata, and the equities of the case would require the Court to reconsider, or at least take testimony, concerning the objection to claim. If so, then the appeal in this case is moot and is due to be dismissed with specific findings by the Honorable District Court.

The above argument in this case, based upon the facts, may moot the main crux of this appeal. Nevertheless, it appears that the debtors intended to object to Claim Number 4 of Five Star Credit Union. The debtors, however, objected to Claim Number 5 of Five Star Credit Union, which was in the amount of $5,803.10, and was filed as a secured claim, (a copy of said Claim is attached hereto as Exhibit "C"). At the hearing set for November 30, 2005, no evidence was presented in the record by the debtors concerning the objection to said claim. The claim, as filed with the Court, contained the appropriate documentation to prove that it should be treated as a secured claim. No other evidence was offered by the debtors, and no testimony was given by the debtors at said hearing. A claim is defined by the Bankruptcy Code as follows:

**11 USC § 101(5)**

"Claim" means-

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

Five Star Credit Union's claim was a properly filed and an allowed claim according to 11 USC § 501. The claim was properly allowed pursuant to 11 USC § 502(a). Pursuant to 11 USC § 502(b), the Court, "after Notice and Hearing, shall determine the amount of such claim

as of the date of the filing of the petition, and shall allow such claim in lawful currency of the United States in such amount, except to the extent that...." However, 11 USC § 502(j) states as follows:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. The reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the Estate made to the holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class and such holder's claim, such holder may not receive any additional payment or transfer from the Estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the Trustee's right to recover from a creditor any excess payment or transfer made to such creditor.

In the case at bar, there was neither an evidentiary Hearing nor any determination made by the Honorable Court concerning said claim. Therefore, the Court's Order sustaining the Objection to Claim and treating Claim Number 5 as "unsecured" is without merit, as no evidence was presented to allow the court to reach such conclusions. The court record is void of any testimony of any nature, whatsoever, that would be sufficient to reclassify a properly filed, timely filed, allowed secured claim to be reclassified as an unsecured claim. The debtors did not meet any burden of proof required under 11 USC § 502(b), and failed to put forth any evidence to support a finding that Claim Number 5 of Five Star Credit Union was unsecured.

In the case at bar, neither the Objection to the Claim, nor the Judge's Order, complied with rule 11 USC § 502(b), which requires the Judge to determine the amount of such claim as of the date of filing the petition. The Honorable William R. Sawyer did not make any factual findings concerning the amount of the claim, and that the debtor's objection to the claim was void of any language other than Claim Number 5 should be treated as unsecured.

## VI.
## CONCLUSION

Pursuant to 11 USC § 502(f), the Appellant states that the Court's order sustaining the debtor's objection to Claim Number 5 is not res judicata, and is not subject to appeal. Under the circumstances it appears that 11 USC § 502(f) would allow the court to entertain or reconsider, at any date, evidence concerning whether or not said claim should be secured or unsecured. Therefore, it appears that if the District Court makes such a finding, then this Appeal is due to be dismissed based upon said factual findings. Alternatively, the Appellant would argue based upon the facts it appears that the debtor's objection to Claim Number 5, and the Honorable Court's Order sustaining said objection, is due to be reversed and remanded for a proper evidentiary hearing. Specifically, neither the debtor's objection to the claim, nor the Court's Order grating said objection, comply with the language of 11 USC § 502(b), which requires the Honorable Court to specifically make a factual finding determining the amount of such claim as of the date of filing the petition, and allow such claim in lawful currency of the United States in such amount...."

RESPECTFULLY SUBMITTED THIS 24th DAY OF JANUARY, 2006.

_____
WILLIAM C. ELLIOTT (ELL022)
Attorney for Five Star Credit Union
P.O. Box 242236
Montgomery, AL 36124-2236
334-356-5662
334-356-5672 facsimile

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was electronically mailed listed individuals listed below on this 24th day of **January, 2006..**

WILLIAM C. ELLIOTT   (ELL022)

Michael D. Brock, Esq.
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331


Curtis C. Reding
Trustee
P.O. Box 173
Montgomery, AL 36101


Honorable William R. Sawyer
United States Bankruptcy Judge
P.O. Box 1248
Montgomery, AL 36102

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| FIVE STAR CREDIT UNION, | * | |
| | * | CASE NO. 1:06-cv19 |
| Appellant, | * | |
| | * | |
| Vs. | * | |
| | * | |
| TOMMY LEE HENRY, JR. and | * | |
| LETITA J. HENRY, | * | |
| | * | |
| Appellee. | * | |

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOMMY LEE HENRY, JR. and | * | |
| LETITA J. HENRY, | * | CH. 13 CASE #: 04-11427 |
| | * | |
| | * | |
| | * | |

### APPENDIX TO THE BRIEF PURSUANT TO RULE 8009(b)

  The following Appendix to the Brief is filed by the Appellant, pursuant to Bankruptcy Rule 8009(b). The Appendix to the Brief will be Exhibits A, B, C, D, and the Appellant's designation of the record on appeal.