IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FIVE STAR CREDIT UNION,

    Appellant,                               CASE NO.: 1:06-cv-19-MEF

v.

TOMMY LEE HENRY, JR, and
LETITA J. HENRY,

    Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION
CHAPTER 13 CASE NO.: 04-11427-WRS-13

---

BRIEF OF APPELLEES

Tommy Lee Henry, Jr. and Letita J. Henry

---

ATTORNEY FOR APPELLEES

BROCK & STOUT
/s/ Michael D. Brock
Michael D. Brock {BRO152}
Post Office Drawer 311167
Enterprise, AL 36331
(334) 393-4357
(334) 393-0026 FAX
brockstout@entercomp.com

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………..i

TABLE OF CASES………………………………………………………………….ii

TABLE OF STATUTES AND OTHER AUTHORITY…………………………….iii

STATEMENT OF THE ISSUE ON APPEAL……………………………………....1
    Statement of the Standard of Appellate Review…………………………….1

STATEMENT OF CASE AND FACTS………………………………………….....2

ARGUMENT………………………………………………………………………...4

CONCLUSION……………………………………………………………………...6

CERTIFICATE OF SERVICE………………………………………………………7

## **TABLE OF CASES**

In re Bonen, Jr.
    174 B.R. 840 (Bankr. S.D. Ga 1994)...............................................4

In re Club Associates
    956 F.2d 1065, 1039 (11th Cir. 1992)............................................1

In re Englander
    95 F3d 1028, 1030 (11th Cir. 1996)..............................................1

In re Fretz
    244 F.3d 1323, 1326 (11th Cir. 2001)...........................................1

In re Looney
    23 F.2d 78, 791 (4th Cir. 1987).....................................................4

In re Moses
    9 B.R. 370 (Bankr. N.D. Ga 1981)................................................4

In re Pierce
    2006 WL 167890 (8th Cir.(Ark))...................................................4

In re Williamson
    15 F3d 1037, 1038 (11th Cir. 1994)..............................................1

# TABLE OF STATUTES AND OTHER AUTHORITY

11 U.S.C. § 102(1)..................................................................................................3

11 U.S.C. § 502(b)..................................................................................................3

11 U.S.C. § 502(f)............................................................................................1, 4, 5

Bankruptcy Rule 8013............................................................................................1

Bankruptcy Rule 9007............................................................................................3

Local Bankruptcy Rule 3007-1...............................................................................3

## STATEMENT OF ISSUE ON APPEAL

Whether the Bankruptcy Code requires the Bankruptcy Court to conduct an actual hearing and receive evidence before it can enter an order on an objection to claim. [1]

Whether 11 U.S.C. § 502(f) is applicable to the Appellees' voluntary bankruptcy.

### Statement of the Standard of Appellate Review

The applicable standard of review regarding findings of fact by the Bankruptcy Court is set forth in Bankruptcy Rule 8013. In an appeal of the Bankruptcy Court decision, the district court sits as an appellate court and thus applies the "clearly erroneous" standard to the Bankruptcy Court's findings of fact, but reviews the Court's conclusions of law on a de novo basis. In re Club Associates, 956 F.2d 1065, 1039 (11th Cir.1992); In re Williamson, 15 F.3d 1037, 1038 (11th Cir.1994); In re Fretz, 244 F.3d 1323, 1326 (11th Cir. 2001); In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

---

[1] Appellant's "Issues Presented" (b) and (c) appear to be the same. Therefore, the Appelles' have combined the issues for purposes of their response.

## STATEMENT OF THE CASE AND FACTS

The Appellees, Tommy Lee Henry, Jr. and Letita J. Henry (hereinafter referred to as the Henry's), voluntarily filed for relief under chapter 13 of the bankruptcy Code on July 9, 2004. The Appellant, Five Star Credit Union (hereinafter referred to as Five Star), filed proof of claim number 5 as secured in the Henry's chapter 13 bankruptcy in the amount of $5,803.10. [Exhibit "A"]. The Henry's objected to proof of claim number 5 filed by Five Star asserting that said claim should be treated as a general unsecured claim. [Exhibit "B"]. [2] The Henry's counsel included in its objection to claim number 5 a "negative notice" and the same was served on Five Star's attorney, William C. Elliott, pursuant to Local Bankruptcy Rule 3007-1. [Exhibit "C"]. The "negative notice" included in the Henry's objection to Five Star's claim number 5 stated the following:

> **PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF SERVICE OF THIS OBJECTION.**

The "negative notice" advised Five Star that if it did not respond and request a hearing within 30 days, the Bankruptcy Court could enter an order without further hearing. Five Star did not respond to the "negative notice" in a timely manner.

On October 28, 2005, the Bankruptcy Court entered an order sustaining the objection to claim filed by the Henry's because Five Star failed to file a response within 30 days of the filing of the objection. [Exhibit "D"]. On November 1, 2005, Five Star filed a "motion to alter, amend or vacate the Court's order." [Exhibit "E"]. Also on November 1, 2005, Five Star filed an untimely response to the Henry's objection to the claim of Five Star. [Exhibit "F"]. The Bankruptcy Court set all matters for hearing on November 30, 2005. [Exhibit "G"]. The day prior to the hearing, counsel for Five Star filed a motion to continue. [Exhibit "H"]. On November 30, 2005, the Henry's and their counsel were present for the hearing. No one appeared on behalf of Five Star. Subsequently, the Bankruptcy Court entered orders denying the "motion to alter, amend or vacate" of Five Star and also denied Five Star's motion to continue.

---

[2] In Five Star's statement of the facts it erroneously argues that the Henry's intended to object to claim number 4 of Five Star. The Henry's intended to and did object to claim number 5. The motion to amend the plan referenced in the Appellant's statement of facts has absolutely nothing to do with claim number 5 of Five Star. Additionally, the Bankruptcy Court has not ruled on the Henry's motion to amend plan as of the date of this brief. Therefore, the Henry's motion to amend plan is not before this Court.

2

[Exhibits "I" and "J"]. Five Star appealed to this Court arguing the Bankruptcy Court should have held an evidentiary hearing on the objection to claim.

## **ARGUMENT**

The crux of Five Star's appeal appears to be that it erroneously believes that the Bankruptcy Code requires the Bankruptcy Court to conduct an actual hearing and receive evidence before it can enter an order on an objection to claim. A simple review of the pertinent sections of the Bankruptcy Code reveals that an actual hearing is not required.

Bankruptcy Rule 9007 grants the Bankruptcy Court's the discretion to set the particularities of notice procedures. Specifically, Rule 9007 states as follows:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

Section 502(b) of the Bankruptcy Code states in part that if an "....objection to a claim is made, the court, **after notice and a hearing**, shall determine the amount of such claim as the date of filing the petition...". 11 U.S.C.§ 502(b). Five Star erroneously interprets the language of section 502(b) to require an actual hearing. Fortunately, 11 U.S.C. § 102(1) defines **"after notice and a hearing"** and makes it clear that a hearing is not required but only that parties are given an opportunity for a hearing and may have a hearing if it is so requested. Specifically, section 102(1) defines **"after notice and a hearing"** as follows:

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as appropriate in the particular circumstances; but
> (B) authorizes an act without an actual hearing if such notice is given properly and if –
> > (i) such a hearing is not requested timely by a party in interest; or
> > (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

As a result of the above Bankruptcy Code section, "negative notices," such as the one provided in the case at bar, is authorized by the Bankruptcy Code. As stated previously, the Henry's objected to claim number 5 filed as secured by Five Star. Pursuant to LBR 3007-1, the "negative notice" contained on the objection to claim plainly stated that if Five Star did not respond and request a hearing within 30 days, the Bankruptcy Court could enter an order without

4

further notice or hearing. Five Star failed to file a timely response and the Bankruptcy Court entered an order without conducting an actual hearing in compliance with the previously mentioned Bankruptcy Code sections.

The Fourth Circuit Court held that section 102 of the Bankruptcy Code does not require actual hearings. In re Looney, 23 F.2d 78, 791 (4th Cir. 1987). The Eighth Circuit Court held that an evidentiary hearing was not necessary and that "negative notices shift the burden to an interested party ....to evaluate his claim and the debtor's objection, and then make his own decision whether an evidentiary hearing would be helpful, and request a hearing if desired." In re Pierce, 2006 WL 167890 (8th Cir.(Ark)). See also, In re Moses, 9 B.R. 370 (Bankr. N.D. Ga 1981) and In re Bonen, Jr., 174 B.R. 840 (Bankr. S.D. Ga 1994). The Henry's served a "negative notice" on Five Star. Five Star received the notice. The notice was clear. Five Star failed to request an evidentiary hearing. Therefore, Five Star received adequate notice and an opportunity to be heard.

Five Star also argues that the Bankruptcy Court's order sustaining the objection to claim number 5 of Five Star is not "res judicata and a final order" for purposes of appeal in light of 11 U.S.C. § 502(f). Section 502(f) of the Bankruptcy Code states the following:

> In an **involuntary** case, a claim arising in the ordinary course of
> the debtor's business or financial affairs after the commencement
> of the case but before the earlier of the appointment of a trustee
> and the order for relief shall be determined as of the date such
> claim arises, it shall be allowed under subsection (a),(b), or (c) of
> this section or disallowed under section (d) or (e) of this section,
> the same as if such claim had arisen before the date of the filing of
> the petition.

In response to Five Star's allegation, the Henry's assert that they did not file an **involuntary** chapter 13 bankruptcy. Instead, they filed a voluntary chapter 13 bankruptcy. Therefore, section 502(f) has absolutely nothing to do with the case at bar. Additionally, counsel for the Henry's is unable to find any relevance of this section of the Bankruptcy Code to res judicata or final orders. Therefore, counsel for the Henry's is unable to respond further to this allegation.

5

## **CONCLUSION**

Wherefore, the above premises considered, the Henry's, Appellees in this case, would respectfully request that this Honorable Court enter a finding that the Bankruptcy Code does not require the Bankruptcy Court to conduct an actual hearing and receive evidence before it can enter an order on an objection to claim and to find that 11 U.S.C. § 502(f) is not applicable to the Henry's voluntary Chapter 13 bankruptcy.

Respectfully submitted this 9th day of February, 2006.

## **CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I have this date mailed a copy of the foregoing upon the Clerk of the District Court, Curtis Reding, Chapter 13 Trustee, William C. Elliott, Attorney for Appellant, P.O. Box 242236, Montgomery, AL 36124-2236 by first class U.S. Mail, postage prepaid, or by electronic noticing in accordance with the local rules of the Bankruptcy Court this 9th day of February, 2006.

                                        BROCK & STOUT

                                        /s/ Michael D. Brock
                                        Michael D. Brock {BRO152}
                                        Attorney for Appellees
                                        Post Office Drawer 311167
                                        Enterprise, Alabama 36331-1167
                                        (334) 393-4357
                                        (334) 393-0026 FAX