IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re TOMMY LEE HENRY, JR., *et al.*,   )
                                     )   BK CASE NO. 04-11427-WRS-13
       Debtors.                )
                                     )

_____

FIVE STAR CREDIT UNION,       )
                                     )
       Appellant,            )
v.                             )   CASE NO. 1:06-cv-19-MEF
                                     )      (WO)
TOMMY LEE HENRY, JR., *et al.*,   )   [DO NOT PUBLISH]
                                     )
       Appellee.             )

## **OPINION AND ORDER**

Pending before the Court is the appeal of Five Star Credit Union ("Five Star") from

a ruling of the Bankruptcy Court in the Chapter 13 bankruptcy of Tommy Lee and Letita J.

Henry ("Debtors").  The Debtors commenced their bankruptcy on July 2, 2004.  Five Star

subsequently filed three secured claims with the Bankruptcy Court.  On September 27, 2005,

the Debtors objected to one of Five Star's claims asserting that insufficient property was

available to secure the debt represented by that claim.  In accordance with Local Bankruptcy

Rule 3007-1, this objection included a "negative notice" that was served on Five Star's

attorney the same day.  This notice advised Five Star that it had thirty days to request a

hearing, or the Bankruptcy Court would enter an order without further notice.[1]  Five Star did

_____

[1] The notice required by the rule states in full: "Pursuant to LBR 3007-1, the Court will take
this objection under advisement and rule, without further notice or hearing, unless the claimant files

not respond to this notice and on October 28, 2005, the Bankruptcy Court entered an order

sustaining the Debtors' objection and recategorizing Five Star's claim as unsecured.  On

November 1, 2005, Five Star filed  a motion to alter, amend, or vacate the October 28 order,

and the Bankruptcy Court set all matters for a hearing on November 30, 2005.  On the eve

of this hearing, Five Star filed a motion to continue the hearing[2] and failed to appear before

the Bankruptcy Court the next day.  In its ruling of December 8, 2005, the Bankruptcy Court

denied Five Star's motions.

Five Star argues two issues in its appeal.  The first contends that the Bankruptcy

Court's order is susceptible to reconsideration and is not a final order under 11 U.S.C. §

502(f).  This argument is without merit because § 502(f) does not apply to voluntary

bankruptcies and, even if it did, does not speak in any fashion to the finality of orders entered

by the Bankruptcy Court.

Second, Five Star asserts that the Bankruptcy Court erred by failing to allow for an

evidentiary hearing on the merits of the Debtors' objection.[3]  The Bankruptcy Code states

---

with the Court, with service on the objecting party, a response within 30 days of service of this
objection."

[2] The asserted basis for this motion was that Five Star's counsel was to be present at a bench
trial set for the same day in state court.

[3] The Court must admit that it has experienced great difficulty in deciphering the exact
position espoused by Five Star's brief.  In addition to its attempt to apply an inapplicable provision
to this case, Five Star has contended that the Debtors' objection to its claim was actually an objection
to another of Five Star's claims.  Five Star's effort to straighten out the Debtors' pleadings and the
Bankruptcy Court's pronouncements is curious considering the fact that Five Star failed to timely
respond to the Debtors' objection and then did not even appear at the hearing it was later granted by
the Bankruptcy Court to reconsider this matter.

that if an "objection to a claim is made, the court, after notice and a hearing, shall determine

the amount of such claim as the date of filing the petition." 11 U.S.C. § 502(b). Section 102

of the Code defines the phrase "after notice and a hearing" to "authorize[] an act without an

actual hearing if such notice is given properly and if . . . such a hearing is not requested

timely by a party in interest." 11 U.S.C. § 102(1). Thus, the Code does not always require

actual hearings and allows such "negative notices" to "shift the burden to an interested party

. . . to evaluate his claim and the debtor's objections, and then make his own decision

whether an evidentiary hearing would be helpful, and request a hearing, if desired." *In re*

*Pierce*, 435 F.3d 891 (8th Cir. 2006); *see also In re Lumsden*, 242 B.R. 71, 73-74 (Bankr.

M.D. Fla. 1999) (sustaining debtor's objection to a claim after claimant was late in

responding to negative notice).

The Debtors served such a negative notice on Five Star in accordance with the

Bankruptcy Court's local rules. Five Star did not submit any documentation in opposition

to this objection or request an evidentiary hearing. Then, when given a second chance by the

Bankruptcy Court to consider the matter, Five Star failed to appear. Therefore, Five Star has

received adequate notice and an opportunity to be heard, and no error is to be found. The

ruling of the Bankruptcy Court is AFFIRMED.

Done this the 16th day of June, 2006.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE